**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| KEVIN BALTIMORE, on behalf of themselves and others similarly situated, | : | CIVIL ACTION FILE NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT – CLASS ACTION** |
| | : | |
| JCJB MARKETING INC. | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendant. | : | |
| | : | |

Plaintiff Kevin Baltimore (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

**NATURE OF ACTION**

1.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at \*5 (July 6, 2020).

2.      This case involves a campaign by JCJB Marketing Inc ("JCJB Marketing") to market vehicle warranty services through the use of pre-recorded telemarketing calls in violation of the TCPA.

3.      Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5.      Plaintiff Kevin Baltimore is an individual.

6.      Defendant JCJB Marketing Inc. is a California corporation with its principal place of business at 14210 Spectrum Cir., Irvine, CA 92618.

## JURISDICTION AND VENUE

7.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8.      This Court has personal specific jurisdiction over JCJB Marketing because it made telemarketing calls to the Plaintiff by directing their conduct into this District.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because as calls were made into this District and the Plaintiff received them while in this District.

## TCPA BACKGROUND

Calls Made Using a Pre-Recorded Message

10.     The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls.  *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

11.     Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C.  § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

12.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  47 C.F.R. § 64.1200(f)(12).

13.     "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

## **FACTUAL ALLEGATIONS**

14.     Defendant JCJB Marketing is a "person" as the term is defined by 47 U.S.C.

§ 153(39).

15.     At no point has the Plaintiff sought out or solicited information regarding

Defendant's services prior to receiving the pre-recorded calls at issue.

Calls to Plaintiff Baltimore

16.     Plaintiff Baltimore's telephone number, 617-XXX-9290, is registered to a cellular

telephone service.

17.     Plaintiff Baltimore received a telephone call from (617) 545-7134 on November

16, 2020.

18.     The Caller ID did not identify the company.

19.     When Mr. Baltimore picked up the phone no one was on the other side of the

conversation.

20.     Instead, a pre-recorded message was played regarding warranty services.

21.     The pre-recorded message did not identify the caller.

22.     The Plaintiff engaged the telemarketer to learn their identity.

23.     While the caller did not identify their company, they did promote CarGuard auto

warranty services.

24.     After contacting the parties identified in the call, they named the Defendant as

sending the Plaintiff the call.

25.     The call promoted CarGuard's services.

26.     The calls received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as it seeks to have him sign up for CarGuard's services.  This message therefore qualified as telemarketing.  47 C.F.R. § 64.1200(f)(12).

## CLASS ACTION ALLEGATIONS

27.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

28.     Plaintiff brings this action on behalf of himself and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified, (2) received one or more calls on their cellular telephone (3) from or on behalf of the JCJB Marketing, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

29.     The Plaintiff is a member of and will fairly and adequately represent and protect the interests of these Class as they do not have interests that conflict with any of the class members.

30.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

31.     Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

32.    The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

33.    Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class based on the *en masse* nature of telemarketing.

34.    The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

35.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

36.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

37.    There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

      (a)  whether a pre-recorded message was used to send calls;

      (b)  whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

      (c)  whether Defendant's conduct constitutes a violation of the TCPA; and

      (d)  whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

38.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and their counsel are

committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

39.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

40.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.) on behalf of the Robocall Classes**

41.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42.     The Defendant violated the TCPA by sending, or causing to be sent via an agent, pre-recorded calls to the cellular telephones of Plaintiff and members of the Class without their prior express written consent.

43.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

44.     The Plaintiff and Robocall Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

45.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from using a pre-recorded voice in the future, except for emergency purposes.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling any cellular telephone numbers using a prerecorded voice in the future;

B.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.     Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com